## Kurtz *versus* Cummings.

1. An advertisement signed by a vendor and published in a newspaper offering real estate for sale at public auction upon terms of payment therein specified, and a subsequent parol sale at such auction, without any other writing and without the payment of the hand-money required by the terms of sale, is not such a contract as passes an interest *in the land.* An action at law may, however, be maintained for its breach.

2. The purchaser, under the terms of the contract, having no right to possession, an agreement between him and the tenant that the latter should continue in possession as his tenant upon terms arranged between them, without evidence of the consent of the vendor to deliver possession, did not constitute *an attornment.*

Error to the Common Pleas of *Fayette county.*

This was an action of *assumpsit* by Josiah Kurtz, administrator, &c., with the will annexed, of Thomas Gibson, deceased, against James C. Cummings, to recover the first instalment of purchase-money for a house and lot; with a second count in the *narr.* claiming damages for non-compliance with a parol contract for the sale of the same. The pleas were *non assumpsit* and payment, with leave, &c. Replication *non sol.*, &c.

Thomas Gibson, by his will, directed that after his dwelling-house and appurtenances had been occupied by his wife and daughter during life, the same "be taken into the possession of his executors, and sold by them at public sale," and the proceeds, with the residue of his estate, after paying debts, &c., distributed among certain legatees.

The will of Gibson was made in 1812; he died in 1814, and no letters testamentary were issued to the executors. After he had been dead above thirty-five years, the plaintiff took out letters of administration without any previous order of a register's court. It is provided in the 21st section of the Act of 15th March, 1832, that "No letters of administration shall in any case be originally granted upon the estate of any decedent, after the expiration of twenty-one years from the day of his decease, except upon the order of the register's court upon due cause shown."

Letters were obtained by the plaintiff on the 4th June, 1849, and on the next day the property was advertised for sale. The life estates had then expired.

The plaintiff signed a notice or advertisement of the sale, containing a description of the property, and a notice of the time, place, and terms of sale, and had it published in one of the newspapers published in the county, for four successive weeks; and he sold the property on the 30th June, 1849, to the defendant for $535. By the terms of sale, one-third of the purchase-money was to be paid in hand, and the residue in two equal annual payments,

[Kurtz *v.* Cummings.]

with interest, and immediate possession to be given to the purchaser.

On the day of the sale, a tenant was in possession of the premises, and it was alleged, on part of the plaintiff, that the tenant offered to give up the property to the purchaser, but that the purchaser gave the tenant permission to continue in possession, and fixed the terms on which the latter was to remain; and it was further alleged, on part of the plaintiff, that the defendant, by the same and other tenants, had since maintained the possession and control of the premises.

Nathaniel Gibson, one of the sons of the testator, had been living on the property for above twenty-five years before the sale by the plaintiff. On 3d September, 1849, the defendant caused the property to be again sold under a judgment which he had obtained against the said Nathaniel Gibson, and he purchased it for $5. He afterwards gave notice to the tenant to leave the possession.

The action was resisted on the grounds, 1st, That the plaintiff had no right to sell—that the letters of administration to him were void; 2d, That the defendant did not bid upon the property; and, 3d, If he did, that the sale was void under the statute of frauds and perjuries.

GILMORE, President Judge, charged that if there was a contract, it could not be enforced by reason of the statute, but that damages might be recovered for non-compliance.

The instruction was assigned for error.

*Ewing* and *Fuller*, for plaintiff.—The sale was valid by reason of the written and printed offer of sale; it was sufficient that it was signed by only one party, if accepted by the other: 1 *Jones* 503; 10 *Watts* 387; 4 *Barr* 423–4; 2 *Bos. & Pul.* 239; 3 *Car. & Pay.* 112; 3 *Cranch* 492; 12 *Ves.* 1; 13 *Johns.* 300.

2. The delivery of possession alone, in pursuance of a parol sale of land, will take it out of the statute: 1 *Watts* 392; 6 *Id.* 464; 9 *Barr* 187–8; 2 *Jones* 117; 7 *Harris* 461; *Id.* 471; 2 *Rawle* 55. As to attornment was cited *Co. Litt.* 315 b; 8 *W. & Ser.* 59–60; 9 *Barr* 177–8.

*Kaine* and *Howell*, for defendant in error.—A vendor cannot maintain an action to recover purchase-money of land upon a parol agreement of sale and proof of performance on his part alone; though he may recover damages: 1 *W. & Ser.* 554, Wilson *v.* Clarke; 1 *Parsons* 90–1–2. It was testified by the tenant that the purchaser said he did not want the possession of the property; thus showing that he neither wanted nor took possession of the premises.

[Kurtz v. Cummings.]

The opinion of the Court was delivered by

LEWIS, J.—An advertisement signed by a vendor and published in a newspaper, offering his real estate for sale at public auction upon terms of payment therein specified, and a subsequent parol sale at such auction, without any other writing, and without the payment of the hand-money required by the terms of sale, is not such a contract as passes an interest in the land. An action at law may be maintained on it for the recovery of damages for its breach, but no Court will decree specific performance of it. There is nothing in the transaction which supplies the place of the written evidence required by the statute of frauds and perjuries.

The purchaser, under the terms of the contract, had no right to possession without payment of the hand-money, and there is no evidence that the vendor consented to deliver possession without it. The agreement between the purchaser and the tenant, without the consent of the vendor, and without any right of possession derived from him, did not constitute an attornment in any proper sense of the term. "An attornment shall not enure or work to pass any interest to make a bad grant good, nor to give a man a tenancy by disseisin, intrusion, or abatement:" *Sheppard's Touch.* 254. The purchaser had done nothing to acquire an interest in the land, and his agreement with the vendor's tenant gave his claim no additional validity. The Court was, therefore, right in refusing specific performance, and in leaving the plaintiff to his remedy at law for damages for non-performance. These he has recovered under the second count in the declaration.

Judgment affirmed.