## W. SMITH AND ANOTHER, APPELLANTS, *v.* MARTIN WILLIAMSON, DEFENDANT.

PROMISSORY NOTE.—MAKER'S INTOXICATION.—BONA FIDE HOLDER. —A promissory note in the hands of a bona fide holder cannot be avoided on the ground that the maker of the note, at the time he executed it, was so intoxicated that he did not know what he was doing.

ID.—ID.—RATIFICATION.—If a party executes a promissory note while he is so intoxicated that he does not know what he is doing, but after becoming sober ratifies the transaction by keeping the consideration which he received for the note, he cannot afterwards avoid the note.

ID.—NEGOTIABILITY.—STIPULATION FOR MATURITY FOR NON-PAYMENT OF INTEREST.—A promissory note which contains a stipulation that if the interest be not paid as stipulated, the legal holder of the note may declare the principal due and proceed at law to recover both principal and interest is negotiable.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts except that the note sued upon was as follows:

"PROVO, Utah, June 24, 1890.

"Twelve months after date without grace I promise to pay to the order of Goodhue and Van Meter, for value received, Four Hundred Dollars, payable at Provo, without defalcation, or discount, interest 8 per cent. per annum, from December 25, 1890, before and after judgment. If the interest be not paid as stipulated, the legal holder of this note may declare the principal due, and proceed by law to recover both principal and interest.

"MARTIN WILLIAMSON."

The execution of the note was admitted by the pleadings, but the defense was set up that the maker was intoxicated at the time of its execution.

*Mr. J. Van Meter* and *Messrs. Kellogg and Corfman,* for the appellants.

*Mr. George Sutherland,* for the respondent.

ZANE, C. J.:

This suit was instituted on a promissory note bearing date June 24, 1890, payable to Goodhue & Van Meter, in one year, for the sum of $400, and signed by the respondent, and indorsed ·by them to the plaintiffs. The respondent in his answer admitted that he signed the note, but averred that he was so drunk at the time that he was incapable of understanding the effect of his act. It does appear from the evidence in the record that the defendant was intoxicated; but whether he was thereby deprived of his reason, and of his capacity to understand the transaction, the evidence is so conflicting that reasonable men might reach different conclusions as to the existence of the fact. Therefore the court is not authorized to say that the finding of the jury upon that issue was wrong. The law formerly was that a party to a contract could not avoid it because he was so drunk at the time he signed it that he could not understand it. It has also been held that a party to· a contract cannot avoid it on account of intoxication, unless another party to it used means to induce such intoxication; but the decided weight of authority now is that a party may avoid a contract made by him when he is so drunk that he cannot understand its effects and consequences, though no such means were used. It is a violation of ·moral obligation and legal duty to take advantage of a man in such a defenseless situation, and, if the intoxication was induced by the party taking such advantage, he would be guilty of still greater moral turpitude. *Barrett* v. *Buxton,* 2 Aiken, 167; *Bush* v. *Breinig,* 113 Pa. St. 310, 6 Atl. Rep. 86; *Prentice* v. *Achorn,* 2 Paige, 29; 7 Daniel, Neg.

Inst. § 214. A person entering into a contract, while temporarily deprived of his reason by intoxication, may avoid or ratify it when he becomes sober. It is not absolutely void. If the paper is negotiable, it cannot be avoided in the hands of an indorsee in good faith for a valuable consideration; and if such paper is indorsed before it has become due, for a valuable consideration, such defense cannot avail against the assignee without proving that he had notice of the defense before the indorsement, or notice of facts or circumstances sufficient to induce a reasonable man to inquire of the maker as to the defense. The note in question was negotiable. It may be said that a person who executes a proposed negotiable paper, while deprived of reason by insanity, may avoid it in the hands of an innocent indorsee, and that the same rule should apply when the person is deprived of reason by intoxication. The considerations upon which the rules stand are dissimilar. Insanity is involuntary, it is a disease, and is a more permanent state, and usually is not the result of the act of the person imposed upon; while drunkenness is voluntary, and is a temporary state, and is regarded as a vice,—the helpless condition of the drunkard is his own fault. It appears from the evidence in the record that the payees assigned the note before it became due for a valuable consideration to the appellants, and there is no evidence to prove that the latter had notice of the defense urged, or that any fact was within their knowledge sufficient to put them upon inquiry. Other reasons support the rule that negotiable paper cannot be avoided in the hands of innocent holders because of intoxication. If the loss must fall upon one of two innocent persons, it should be borne by the one whose fault contributed to it, if the fault of either did. There are also considerations of public policy which contribute to support the rule. It is believed that the exigencies of business and the necessities of commerce demand that

negotiable paper shall pass from hand to hand without unnecessary impediment. *McSparran* v. *Neeley,* 91 Pa. St. 18; *Bank* v. *McCoy,* 69 Pa. St. 204.

It also appears from the evidence that the defendant delivered the note sued on and a Holstein bull in consideration of a Durham bull delivered to him by the payees of the note; that he took the Durham home with him, and the same night returned him to the payees, but they refused to receive the animal, and he was left at their premises, and their agent took care of him; that three or four days afterwards, when the defendant was sober, he went to the payees, and, in pursuance of an agreement with them, took a Durham heifer in the place of the Durham bull, and drove her to his home, and that he has kept her ever since, and that the payees kept the Holstein. This taking of the heifer by the defendant when he was sober, and treating her as his own, is strong evidence of ratification of his signature to the note. Conceding that the defendant was so drunk at the time he signed the note that he was incapable of consenting to it, that did not make it absolutely void, but only voidable, and the defendant, when he became sober, could ratify it; and an intention to accept the contract with a full knowledge of his rights, after he became sober, should be inferred from acts indicating such an intention, and exchanging the heifer for the animal he was unwilling to keep, after he became sober, indicates such an intention. Benj. Sales (Benn. Amer. Notes), § 30, p. 30; *Bush* v. *Breinig,* 113 Pa. St. 310, 6 Atl. Rep. 86; *Boyden* v. *Boyden,* 9 Metc. (Mass.) 519; *Boody* v. *McKenney,* 23 Me. 517. For the reasons indicated above the judgment of the court below is reversed, and the cause is remanded, with direction to the court below to grant a new trial.

ANDERSON, J., and MINER, J., concurred.