## Schwoerdfeger, Appellant, v. Kelly.

*Equity—Specific performance—Husband and wife—Sale of real estate—Statute of frauds.*

Equity will not compel a married woman specifically to perform a contract entered into by her husband for the sale of his real estate which she did not sign, although she was present when a small portion of the purchase money was paid to her husband with her apparent assent and approval. Such an agreement as to the wife is within the statute of frauds and cannot be enforced by a decree for its specific performance.

Argued Jan. 11, 1909. Appeal, No. 261, Jan. T., 1908, by plaintiff, from decree of C. P. No 5, Phila. Co., March T., 1908, No. 5,014, dismissing bill in equity in case of Charles Schwoerdfeger v. John J. Kelly and Catharine Kelly, his wife. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for specific performance. Before STAAKE, J. The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*George W. Harkins, Jr.,* with him *George W. Harkins,* for appellant.

*Allen M. Stearne,* for appellees.

PER CURIAM, March 8, 1909:

The bill in this case was for the specific performance by a husband and wife of a contract for the sale of real estate of the former. It is averred in the bill that the husband agreed in writing to sell a house for $4,500, of which amount $10.00 was to be paid when the agreement was signed; that at his request the payment was deferred until he could inform his wife of his agreement; that eleven days later, after he had informed her of the agreement, $10.00 on account of the purchase money "was paid to and received by him at his residence in this city in the presence of his said wife and with her assent and approval;" that subsequently the purchaser gave the tenant, in possession of the house, a valuable consideration to remove therefrom and went into possession thereof with the knowledge and assent of the husband. Separate demurrers filed were sustained, but that of the husband with leave to the plaintiff to amend by stating his willingness to accept a deed without joinder of the wife.

It is unnecessary to consider the effect of recent legislation in enlarging the powers of a married woman in contracting for the sale of her real estate, or the decisions fixing her liability under such contracts. We do not find that the proof of the averments in the bill would establish any contract by the wife. She was not asked to join in the written agreement, and she made no agreement, written or verbal, to release her contingent right of dower. Even if an agreement could be inferred from her "assent and approval" when $10.00 was paid her husband, it was an agreement within the statute of frauds and could not be enforced by a decree for specific performance.

The decree of the court below is affirmed at the cost of the appellant.