Polka, Appellant, *v.* May.

Argued October 5, 1955. Before Stern, C. J., Stearne, Jones, Musmanno and Arnold, JJ.

*Milton D. Rosenberg,* with him *Bloom, Bloom & Yard,* for appellant.

*Samuel Goldfarb,* for appellee.

Opinion by Mr. Chief Justice Horace Stern, November 14, 1955:

Defendants, who are husband and wife, are the owners as tenants by the entireties of a house and three adjoining lots of ground in the City of Washington, Pennsylvania. An auctioneer was employed to advertise and sell the property, a public sale was held and plaintiff became the purchaser. A memorandum of the receipt of the down payment and terms of the sale was prepared and signed by the husband defendant and the

plaintiff and witnessed by the auctioneer, but it was not signed by the wife. Plaintiff had the title examined and made preparation for settlement but defendants refused to accept a tender of the balance of the purchase money and to deliver a deed for the premises. Plaintiff filed a bill in equity for specific performance. Hearing having been had, the court held that he was not entitled to specific performance but only to recover the expenses he had incurred. He now appeals from that decision.

It is elementary that an estate by entireties is incapable of dissolution by one of the owners without the consent of the other and that neither spouse alone may alienate his or her interest in the property during the other's lifetime: *Thees v. Prudential Insurance Co. of America,* 325 Pa. 465, 467, 190 A. 895, 896; *Schroeder v. Gulf Refining Co. (No. 1),* 300 Pa. 397, 404, 150 A. 663, 665. It is likewise elementary that, because of the provisions of the statute of frauds, an agreement for the sale of land cannot be specifically enforced unless in writing signed by the parties to be charged or their agents thereunto lawfully authorized by writing: *Llewellyn v. The Sunnyside Coal Co.,* 242 Pa. 517, 89 A. 575; *Simon v. Beeck,* 300 Pa. 334, 340, 150 A. 640, 642.

Plaintiff seeks to avoid the effect of the statute by contending that it should not be held to apply to the purchase of a property at a public auction sale. Both the auctioneer (called as plaintiff's witness) and the husband defendant testified that the property was not knocked down to plaintiff at the auction on his bid of $8,000, but that the auctioneer, the plaintiff and the husband conferred privately and plaintiff then agreed to pay $8,100 which was the least the husband would accept. However, the chancellor found as a fact that the property was knocked down to plaintiff at the sale

on his bid of $8,000, and that his subsequent agreement to pay an additional $100 was a voluntary act on his part. In view of that finding of the court the transaction must accordingly be regarded as an auction sale and therefore governed by the law applicable to such sales. Unfortunately for plaintiff, however, this does not afford him any relief, because it is universally held that sales by auction are within the provisions of the statute of frauds to the same extent as any other sale or contract of sale relating to land: 37 C.J.S. 17, §122; *Kurtz v. Cummings*, 24 Pa. 35; *Bush v. Breinig*, 113 Pa. 310, 315, 6 A. 86, 87; cf. *Herbert Estate*, 356 Pa. 107, 111, 112, 51 A. 2d 753, 755, 756. Where, therefore, as in Pennsylvania, the statute expressly requires that a contract for the sale of lands be signed by the party to be charged or his agent duly authorized in writing, an auctioneer's memorandum will be binding upon a party to the contract only if he has been authorized in writing to make it: 5 Am. Jur. 469, §33.

Plaintiff urges, as a further contention, that the statute of frauds should not be applied in the present case because the chancellor found that there was sufficient evidence to support inferences that the wife had knowledge of the proposed sale of the property, that she knew that the auction was being advertised in the local newspapers over notices bearing the names both of herself and her husband, that she knew of the employment of the auctioneer, that she was on the premises at the time of the sale, that prior to the sale she showed the premises to the plaintiff, that although she knew that her husband was going with the auctioneer and the plaintiff to an attorney's office to prepare the legal papers incident to the sale she did not attempt in any way to interfere. Even assuming, however, all these "inferences" to be facts, (although there would seem to be strong evidence to the contrary), they never-

theless do not, either individually or collectively, permit of the entry of a decree of specific performance against the wife on the ground of estoppel, since the principle of estoppel may not be invoked against the operation of the statute of frauds: *Miranville v. Silverthorn,* 48 Pa. 147; *Schwoerdfeger v. Kelly,* 223 Pa. 631, 72 A. 1056; *Mott v. Kaldes,* 288 Pa. 264, 274, 275, 135 A. 764, 767; *Peterson v. Chandler,* 362 Pa. 102, 66 A. 2d 284. In the last named case it was said (p. 105, A. p. 285) : "In Saler v. Lessy, 76 Pa. Superior Ct. 15, it was stated (p. 19) : 'It has long been the law of the Commonwealth, that specific performance of an agreement to sell real estate will not be decreed against the vendor, who is a married man whose wife refuses to join in the conveyance so as to bar her dower . . . If not so bound, no theory of estoppel could be set up as an inducement to a chancellor to enter a decree compelling her to convey.' See also Riesz's Appeal, 73 Pa. 485; Burk's Appeal, 75 Pa. 141. A fortiori, a theory of estoppel may not be set up to divest the wife's interest where, as here, the property is owned by the entireties." Nor does any general agency arise from the marital relationship or any presumption flow therefrom that either spouse has authority to convey real estate held by the entireties without the other's joinder therein (*Schweitzer v. Evans,* 360 Pa. 552, 557, 63 A. 2d 39, 41) and therefore it cannot be inferred, in the absence of any affirmative evidence to establish the fact, that the husband in this case acted not only in his own right but also as agent for his wife.

Under the interpretation that has been given to our statute of frauds a recovery of damages may be had for non-performance of a parol agreement for the sale of land, the measure of such damages being the money that was paid on account of the purchase and the expenses incurred on the faith of the contract. Accord-

ingly the court entered judgment for plaintiff in the sum of $222.90, which was made up of an item of $150 for attorney's fees for searching the title and preparing the legal papers, and an item of interest lost by plaintiff on his bank deposits which he had transferred to his checking account in preparation for the settlement; the court also ordered defendants to pay the costs of the suit. Plaintiff contends that he should have been allowed an additional recovery of $500 for counsel fees incurred in connection with the present proceedings, but there is no provision in our law for the allowance to a party of compensation for his expenses in retaining counsel to advise and to try his case, or to warrant the imposition as court costs of the fees of counsel: *Winton's Appeal*, 87 Pa. 77; *Smith v. Equitable Trust Co. (No. 1)*, 215 Pa. 413, 417, 64 A. 591, 592; *Moats v. Thompson et al., Exrs.*, 283 Pa. 313, 322, 129 A. 105, 108; *Kaufmann v. Kirker*, 22 Pa. Superior Ct. 201; *Hackett and Hackett v. Hackett*, 104 Pa. Superior Ct. 353, 357, 159 A. 226, 227; *Commonwealth v. Pennsylvania Loan Corporation*, 127 Pa. Superior Ct. 253, 256, 193 A. 141, 142.

The order and judgment of the court below are affirmed, defendants to pay the costs.