**Natalie JOSEPHS and Jerome
Josephs, Plaintiffs,**

v.

**PIZZA HUT OF AMERICA, INC., and
Pizza Hut, Inc., and Pepsico,
Inc., Defendants.**

**Civ. A. No. 86–366.**

United States District Court,
W.D. Pennsylvania.

Sept. 20, 1989.

Seymour Sikov, Pittsburgh, Pa., for plaintiffs.

Roslyn M. Litman, Pittsburgh, Pa., for defendants.

## MEMORANDUM

D. BROOKS SMITH, District Judge.

This matter is before the Court pursuant to a motion for summary judgment filed by defendants, Pizza Hut of America, Inc. (PHA) and Pizza Hut, Inc. (Pizza Hut).[1] This controversy arises out of the negotiations for a lease for a Pizza Hut franchise in a building at 531–535 Penn Avenue in the City of Pittsburgh which plaintiffs were interested in purchasing. To secure financing for their purchase, however, plaintiffs had to obtain two tenants. Plaintiffs allege that PHA's representative promised to lease the building in PHA's name and represented that corporate approval was only a mere formality. Based on this representation, plaintiffs closed on the property and obtained title. Subsequently, PHA's corporate officials rejected the lease. Plaintiffs seek damages, including rental payments which would have come due during the term of the proposed lease.

Plaintiffs assert a cause of action for promissory estoppel.[2] That is, plaintiffs assert that PHA's representative made a clear promise which induced plaintiffs to complete the purchase of the property to their detriment. *See* Restatement (Second) of Contracts § 90 (1979). PHA contends that summary judgment is in order because the plaintiffs are unable to establish by clear and convincing evidence that PHA's representative had the requisite authority to make a promise to lease on which plaintiffs could reasonably rely. PHA also submits that partial summary judgment should be granted because the Statute of Frauds precludes the enforcement of the lease.

Preliminarily, we address the burden of proof to be applied to plaintiffs' claim of promissory estoppel. PHA contends that the applicable standard of proof

for promissory estoppel is the clear and convincing evidence standard applicable to equitable estoppel. Plaintiffs recognize that equitable estoppel requires proof by clear and convincing evidence. *Blofsen v. Cutaiar,* 460 Pa. 411, 333 A.2d 841 (1975). Plaintiffs argue, however, that the doctrine of equitable estoppel requires that there must be deception relied upon by the promisee to his detriment. The lack of this element in claims of promissory estoppel, plaintiffs contend, dictates a simple preponderance of evidence burden.

To determine the applicable burden of proof for promissory estoppel, we look to the development of this doctrine in Pennsylvania. It is well recognized that equitable estoppel is the predecessor of promissory estoppel. *Fried v. Fisher,* 328 Pa. 497, 196 A. 39 (1938). The phrase "promissory estoppel" was described by the Pennsylvania Supreme Court in *Fried* as "well chosen as indicating that the basis of the doctrine is not so much one of contract, with a substitute for consideration, as an application of the *general principle of estoppel* to certain situations." 328 Pa. at 501, 196 A. at 41–42. (emphasis added).

Again, in 1980, the Pennsylvania Superior Court stated that the "equitable estoppel doctrine is one of the antecedents of the modern doctrine of detrimental reliance or promissory estoppel." *Straup v. Times Herald,* 283 Pa.Super. 58, 69, 423 A.2d 713, 719 (1980). The court then noted that "courts often held the doctrine of equitable estoppel to apply even where no false representation or concealment of material fact existed." It then reasoned that regardless of the phrase used, the essence of the doctrine is that representations were made which justifiably induced another to act to his detriment. Therefore, the court held that the plaintiffs would not be precluded from framing the issue as one of estoppel merely because they did not use the labels "equitable estoppel" or "detrimental reliance." *Id.,* at 70, 423 A.2d at 720.

---

**1.** Summary judgment was granted in favor of defendant, Pepsico, Inc., on June 30, 1989.

**2.** Plaintiffs other cause of action, for breach of the duty to deal in good faith, was previously dismissed by the Honorable Donald Ziegler prior to transfer of this action to the undersigned.

The equivalence of equitable and promissory estoppel in Pennsylvania law leads us to conclude that the burdens of proof are also the same regardless of plaintiffs' assertion that equitable estoppel has an additional element of fraud. Consistent with this view, the Pennsylvania Supreme Court has applied the higher standard of proof in *Blofsen v. Cutaiar*, 460 Pa. at 417, 333 A.2d at 841, a case applying the doctrine of equitable estoppel and where no deception, concealment or false representations were present.[3]

■ We now turn our attention to the motion for partial summary judgment on damages. PHA and Pizza Hut argue that the Statute of Frauds precludes the plaintiffs from recovering in this action. Pennsylvania's

> Statute of Frauds is satisfied by the existence of a written memorandum signed by the party to be charged and sufficiently indicating the terms of the oral agreement so that there is no serious possibility of consummating fraud by its enforcement.

*Keil v. Good*, 467 Pa. 317, 322, 356 A.2d 768, 771 (1976). Moreover, the Statute applies to all leases which exceed a term of three years. 33 Pa.Stat.Ann. § 1. The effect of the Statute would be to bar enforcement of the lease unless it could be shown that it was signed by PHA. *See Green v. Interstate United Management Serv. Corp.*, 748 F.2d 827 (3rd Cir.1984); *Polka v. May*, 383 Pa. 80, 118 A.2d 154 (1955).

Nevertheless, plaintiffs urge this Court to enforce the promise notwithstanding the Statute of Frauds.[4] As support, plaintiffs cite *Haines v. Minnock Construction Company*, 289 Pa.Super. 209, 433 A.2d 30 (1981). *Haines* presented an equity action by a plaintiff homeowner who sought to restrain the defendant developer from constructing certain dwelling units, based on an oral promise by the developer that the site behind plaintiff's townhouse would remain open. The defendant contended that the Statute of Frauds barred the action. The court agreed that the plaintiff had failed to satisfy the requirements of the Statute of Frauds, but enforced the promise on the basis of the Restatement of Property § 524.

We find *Haines* inapposite to the issue at bar. Unlike the case before us, it concerned a situation in which a prospective purchaser was induced to buy residential property based on certain negative covenants respecting land use made by the vendor that the Court held need not be in writing. See Restatement of Property, § 524 comment c.

*Green v. Interstate United Management Serv. Corp., supra,* did concern a lease which was subject to the Statute of Frauds. The plaintiffs in *Green* had negotiated the construction of a building for subsequent lease to the defendants. The defendants sent a letter to the plaintiffs regarding their intent to enter into the lease. On the strength of the letter of intent, the plaintiffs purchased the site on which the building would be constructed. Subsequently, the defendants refused to sign the lease. Plaintiffs brought suit alleging a breach of contract, promissory and equitable estoppel and intentional interference with contractual relations. The defendants argued that the Statute of Frauds barred the plaintiffs' ability to recover any damages.

The trial court held that the requirements of the Statute of Frauds had not been met. Consequently, the plaintiffs were limited to reliance damages on their

---

**3.** We note, as further support for our holding, the opinion of the Superior Court in *Robert Mallery Lumber v. B & F Assoc.*, 294 Pa.Super. 503, 511, 440 A.2d 579, 582 (1982), in which promissory estoppel is described as merely a modern variant of equitable estoppel. Cf. *Paul v. Lankenau Hospital*, 375 Pa.Super. 1, 543 A.2d 1148 (1988), in which the differing use of the two doctrines is explained.

**4.** Plaintiffs submit that *California Natural, Inc. v. Nestle Holdings, Inc.*, 631 F.Supp. 465 (D.N.J. 1986) is sufficient to show that this Court should not enter summary judgment. As an *Erie* court, bound to apply Pennsylvania law, however, we find *California Natural* which applies to New Jersey law irrelevant. Moreover, *California Natural* did not relate to a promise to enter into a lease or purchase land.

claims for breach of contract and intentional interference with contractual relations. The trial court also limited the recovery on plaintiffs' promissory estoppel claim to reliance damages.

On appeal, the court affirmed the district court's decision that the requirements of the Statute of Frauds had not been met. Accordingly, the court affirmed the district court's limitation of damages on the contract claim. Without addressing whether the plaintiffs' claim of promissory estoppel was affected by the Statute of Frauds, the Third Circuit stated that the district court had not erred in limiting recovery on the promissory estoppel claim. The court relied on section 90 of the Restatement (Second) of Contracts, which states that the "remedy granted for breach may be limited as justice requires." Restatement (Second) of Contracts § 90.

We find *Green*, 748 F.2d at 827, dispositive in its application of the Statute of Frauds to a cause of action for promissory estoppel. Moreover, we find that *Green*'s limitation of damages is consistent with Pennsylvania case law regarding the Statute of Frauds and oral contracts to purchase land.

The recovery of damages was limited in *Polka v. May*, 383 Pa. 80, 118 A.2d 154 (1955), because the requirements of the Statute of Frauds had not been satisfied. *Polka* presented a plaintiff whose attempt to buy a house went awry. The plaintiff sued to enforce the oral agreement of sale and the seller asserted the Statute of Frauds as a defense. The court refused to enforce the memorandum referencing the agreement because it was not signed by both of the property owners. The court recognized, however, that the plaintiff was able to recover his expenses for the title search and the interest lost by the plaintiff in making the funds available for purchase. The court reasoned that

[u]nder the interpretation that has been given to our statute of frauds a recovery of damages may be had for nonperformance of a parol agreement for the sale of land, the measure of damages being the money that was paid on account of the

purchase and the expenses incurred on the faith of the contract.

383 Pa. at 84, 118 A.2d at 156.

The limitation of recovery for the plaintiff purchaser in *Polka, supra,* was applied to a seller's counterclaim in *Fannin v. Cratty,* 331 Pa.Super. 326, 480 A.2d 1056 (1984). The seller in *Fannin* filed a counterclaim against the purchaser to recover the loss of the difference in the purchaser's bid for the house and the price obtained in a later sale. The court recognized that

liability will be imposed for breach of an oral agreement in an action for monetary damages notwithstanding the fact that the Statute of Frauds rendered the oral agreement unenforceable....

*Id.* at 331–32, 480 A.2d at 1059. In such a situation, the recovery of damages is limited to that which will restore the status quo which existed at the time the parties entered into the agreement. The recovery of damages which would fully compensate a party for the loss of the bargain, however, is limited to those situations in which "the agreement was obtained by fraud." *Fannin,* 331 Pa.Super. at 335–36, 480 A.2d at 1061. *See also Weir v. Rahon,* 279 Pa.Super. 508, 512–13, 421 A.2d 315, 317 (1980).

The court in *Fannin* then held that the seller could not recover the damages which would restore him to the status quo which existed at the time the parties entered into the agreement. To do so would award the seller the difference between the lost bid and the price obtained at a later sale, an amount which would fully compensate the seller for the loss of the bargain. The court found that the record was devoid of any evidence of fraud which would justify the seller recovering full compensation. Moreover, the court reasoned that "such an award would be tantamount to enforcing a contract which is otherwise unenforceable under the Statute of Frauds. This we will not do." 331 Pa.Super. at 336, 480 A.2d at 1061.

In the instant case, we are also presented with plaintiffs who seek to recover the full loss of their bargain despite an agreement which fails to satisfy the Statute of Frauds. We conclude that the promise to lease the

building is unenforceable as violative of the Statute of Frauds. Although this in itself does not preclude the plaintiffs from pursuing their claim for promissory estoppel, it does limit their ability to recover damages in the absence of fraud.[5] Therefore, in accordance with *Fannin*, 331 Pa.Super. at 335–36, 480 A.2d at 1061, the plaintiffs cannot recover damages under the lease for the loss of their bargain. To do so, would circumvent the Statute of Frauds.[6]

We are aware that at least one court might not hold the Statute of Frauds as a limitation to a promissory estoppel claim. *See Goldstick v. ICM Realty*, 788 F.2d 456 (7th Cir.1986). We also realize that Section 139 of the Restatement (Second) of Contracts (1979) supports the premise that promissory estoppel may be asserted notwithstanding the Statute of Frauds. The fact is, however, that Pennsylvania has not adopted Section 139 of the Restatement. See *Polka v. May*, 383 Pa. 80, 118 A.2d 154, 156 (1955). Moreover, Pennsylvania case law demonstrates a willingness to circumvent the Statute of Frauds to allow the recovery of one's full loss only when an agreement or promise was obtained by fraud. *Fannin*, 331 Pa.Super. at 336, 480 A.2d at 1061; *Weir*, 279 Pa.Super. at 512–13, 421 A.2d at 317. *Compare D & S Coal Co., Inc. v. USX Corp.*, 678 F.Supp. 1318 (E.D.Tenn.1988).

Having decided that the Statute of Frauds, as it is applied in Pennsylvania, permits recovery by plaintiffs of their reliance damages only, we must examine whether plaintiffs have produced sufficient evidence to establish a cause of action for promissory estoppel. We do not weigh credibility or evidence in this proceeding, but we require that there be sufficient evidence that a jury would be entitled to find that every element of plaintiff's cause of action has been demonstrated.

■■ Promissory estoppel requires that plaintiffs reasonably rely on a definite promise to their detriment. *Cardamone v. University of Pittsburgh*, 253 Pa.Super. 65, 384 A.2d 1228, 1233 (1978); *Murphy v. Burke*, 454 Pa. 391, 398, 311 A.2d 904, 908 (1973). Plaintiffs and defendants have concentrated their efforts on the evidence which tends to show that Alfred Cascarina, PHA's corporate representative, had actual or apparent authority to commit Pizza Hut to leasing space in plaintiffs' building when he represented that everyone who needed to see the location for rent had been favorably impressed and that execution of the contract was a mere formality. (Cascarina deposition, 459). There is more than sufficient evidence to allow a jury to find that Cascarina had apparent, if not actual, authority, to negotiate a lease for PHA.

Plaintiffs have not shown, however, that their reliance was reasonable, i.e., that there is any evidence by which they could show that they incurred expenses based on a justifiable reliance that PHA or Pizza Hut were bound by Cascarina's statements. *See Burns v. Baumgardner*, 303 Pa.Super. 85, 96, 449 A.2d 590, 595 (1982). This is an element of the cause of action which is not resolved by the inquiry into Cascarina's authority. An issue of fact exists on the question whether Cascarina had authority to negotiate for PHA, and to represent to the Josephs that Pizza Hut's signature was just a formality. However, we would be collapsing two separate inquiries into one if we stressed the fact that Cascarina had the authority to speak for PHA and overlooked the effect of what he said. *See e.g., Universal Computer Systems, Inc. v. Medical Services Association*, 628 F.2d 820, 823–24 (3rd Cir.1980).

"The essential elements of estoppel are an inducement by the party sought to be estopped to the party who asserts the estoppel to believe certain facts to ex-

---

5. The record before us is also devoid of any evidence which would support a conclusion that fraud played a part in this case. The plaintiffs conceded this point in their argument contending that the higher burden of proof is inapplicable in the absence of deception.

6. We note that even if we were to find that the Statute of Frauds did not render the lease totally unenforceable, the fact that the lease was unsigned by the party to be charged would give the lease the force and effect of a lease at will. *Blumer v. Dorfman*, 447 Pa. 131, 139, 289 A.2d 463, 468 (1972).

ist—and the party asserting the estoppel acts in reliance on that belief."

*Blofsen v. Cutaiar*, 460 Pa. at 418, 333 A.2d at 844 (emphasis deleted; citation omitted). The *Blofsen* court observed that reliance must be based on the promises of the party to be bound by the estoppel, not simply on the judgment of the promisee. *Id.* The Josephs, experienced business owners who were represented by experienced counsel, did not have the opinion of counsel that the Pizza Hut lease was an existing, legal contractual obligation as a result of Cascarina's promises. (Goldstein deposition 72–73). Plaintiffs' counsel advised plaintiffs based on his experience that the execution of the lease was a sure outcome. It is clear, however, this was a business evaluation of the probable action that PHA would undertake, not a legal opinion. Jerome Josephs likewise testified that he was assured by his lender, Dollar Bank, that they were "absolutely positively certain" of Pizza Hut's imminent execution of the lease. (Jerome A. Josephs deposition, 195–197).

This is not equivalent to an opinion that there was a legal obligation on Pizza Hut's part to enter into a lease, even if the opinion of Mr. Shelley, the representative of Dollar Bank, is based on statements attributed to Pizza Hut. (See Shelley deposition, 87).

The Josephs purchased the property at 531–535 Penn Avenue on July 6, 1984, in the expectation that Pizza Hut would execute a lease shortly thereafter. Their expectation was not formed on the basis of a legally binding contract, or on the representation that a legally binding contract existed. It was based on the advice that Pizza Hut would approve the building lease in the near future, advice from plaintiffs' counsel and lender, in the face of a letter from Cascarina to Shelley stating that approval could not be guaranteed. (Josephs deposition 92–93; Goldstein deposition, 71). There can be no estoppel when the plaintiffs' actions were the result of their own will and judgment rather than the product of the defendants' agent's representations. *Home for Crippled Children v. Pruden-*

*tial Insurance Company of America*, 590 F.Supp. 1490, 1503 (W.D.Pa.1984) citing *Estate of Tallarico*, 425 Pa. 280, 288–89, 228 A.2d 736, 741 (1967). As a matter of law, plaintiffs' reliance was unreasonable.

An Appropriate order will be entered.

## ORDER

AND NOW, this 20th day of September, 1989, upon consideration of the defendants' Motions for Summary Judgment and Partial Summary Judgment on Damages, with briefs in support and opposition thereto, it is

ORDERED that defendants' Motion for Summary Judgment and Motion for Partial Summary Judgment are granted. The complaint is dismissed. The Clerk shall mark this matter closed.