Thees et ux. *v.* Prudential Insurance Company of America, Appellant, et al.

Argued January 26, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*N. H. Cowdrey,* of *O'Malley, Hill, Harris & Harris,* with him *Vosburg & Vosburg,* for appellant.

*Charles Balentine, Edward J. Kelly,* of *Kelly, Balentine, Fitzgerald & Kelly,* and *Dalbys L. Fickes,* for appellees, were not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 22, 1937:

Appellees, Mathias J. Thees and Gertrude C. Thees, owned certain real estate as tenants by entireties. Frank J. Kirst, a brother of Mrs. Thees, who was in financial difficulties through stock market transactions, informed his sister of his trouble and asked her aid. She agreed to help him, and later he visited her home and presented a deed to her for signature. She signed it, but her husband's name was not then on the document. It appeared subsequently as a deed from them to Kirst. The husband's signature had been forged as was that of the notary in the acknowledgment.

Kirst then negotiated a mortgage loan of $5,000 on this property from appellant, the Prudential Insurance Company of America and on failure of payments five years later foreclosure proceedings were instituted. The attempted execution on these proceedings was the first notice of the fraud and forgery to Mathias, who filed a bill in equity to cancel both the deed and mortgage.

The lower court found that the deed was fraudulently procured, and that Mathias' name was forged on the check issued to appellees by the Insurance Company upon distribution of the mortgage loan. The mortgage money was actually received by Kirst and used for his own benefit. The lower court found that Gertrude C. Thees was aware of the conveyance to her brother and of the creation of the mortgage, but that she scrupulously avoided mention of either fact to her husband. The deed to Kirst and his wife was ordered cancelled as was also the mortgage against appellees' land.

In this appeal we are asked to hold appellees estopped to set up the forgery and fraud because the recording of the deed for a period of five years imported notice, and the existing marital relation presupposed an agency in the wife to act for her husband.

Appellant is innocent in the transaction and is in an unfortunate position; it has advanced money to the holder of record title of real estate, relying upon the apparent accuracy of signatures, acknowledgment and record and upon representations made by Frank J. Kirst and his sister who was present when the loan was negotiated. But as an innocent third party its equity does not rise higher, nor as high, as that of Thees, who was in complete ignorance of the fraud until he was about to be ousted from his home.

The fact the wife knew of the deed and the mortgage would not affect the husband with notice nor would her participation in the conveyance of the property injure her husband's right. It scarcely needs citation of authority to show that an estate by entireties is incapable of dissolution by one of the tenants without the consent of the other, and neither spouse alone may alienate his or her interest in the property during the lifetime of the other. See *Beihl v. Martin*, 236 Pa. 519; *O'Malley v. O'Malley*, 272 Pa. 528; *Berhalter v. Berhalter*, 315 Pa. 225; *Gasner v. Pierce*, 286 Pa. 529. There is no presumption flowing from marital relationship that one

spouse in conveying the estate acted as agent for the other. To so hold would destroy the effect of the rule.

The fact that the wife was present at settlement, knew of the encumbrance for the benefit of her brother, and later received a deed reconveying the property, merely establishes the fact of participation in the fraudulent transaction and not of notice to her spouse or agency. Her participation in the fraud made her acts and interest hostile to her husband and not in favor of his interest which is a duty of every agent. The case of *Steele v. Thompson,* 3 P. & W. 34, does not control the instant case. That holding cannot be extended beyond its facts; there is no general agency for all purposes flowing from the relationship of husband and wife. Nor could there be where there is a deliberate design on the part of the wife to defraud her husband and to prevent him having knowledge of the transactions. In *Byrne v. Dennis,* 303 Pa. 72, at p. 76, this court said:

" 'No agent who is acting in his own antagonistic interest or who is about to commit a fraud by which his principal will be affected does in fact inform the latter, and any conclusion drawn from a presumption that he has done so is contrary to all experience of human nature.' "

No collusion between husband and wife to obtain funds for the latter's brother can be found in the record; on the contrary Thees was obviously the innocent victim of deliberate and cunning fraud. Under the evidence presented estoppel cannot be invoked in a proceeding such as this. There is nothing in law or in reason that would require one to examine the record to discover an instrument he never executed, knew nothing of nor had any occasion to know anything about. A forged instrument being of record for a long period of time does not estop the injured party from asserting the fraud and securing its cancellation. No laches is apparent here. In this proceeding the husband's rights as a tenant by the entireties are protected. That it secures to the offend-

ing wife a status not compatible with strict equity results from the nature of the right protected, the wrong inflicted and the husband's position as the only real innocent party. The insurance company was in a position to know the facts but was misled. The husband was not in a position to know, since he knew nothing at all of the transaction.

Decree affirmed at appellant's cost.