## Shay *v.* Schrink et al., Appellants.

Argued April 11, 1939. Before SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*H. O. Bechtel,* with him *Edgar Downey,* for appellants.

*J. L. N. Channell,* for appellee.

*Chas. E. Berger,* for appellee.

OPINION BY MR. JUSTICE STERN, May 25, 1939:

The record in this case indicates no substantial dispute of facts; the governing principles of law are clear and there is no difficulty in their application.

Plaintiff was the owner of a mortgage executed by defendant Jennie Schrink and assigned to plaintiff by the original mortgagee in 1928. From then until and including January 14, 1933, the semi-annual interest payments thereon were made by the mortgagor by checks which were delivered to plaintiff's husband, Arthur L. Shay, and receipted for by him, but made out to her order and, in every instance, endorsed by her. Shay, a member of the bar, had possession of the mortgage papers. Without plaintiff's knowledge or authority, he, together with an attorney acting for Jennie Schrink, applied to defendant Schyulkill Trust Company for a mortgage loan for Jennie Schrink in the sum of $6,225, of which $5,000 was to be applied to payment of plaintiff's mortgage and $1,225 to payment of a judgment which was a second lien on the property. The loan was granted, and, on February 7, 1933, the Trust Company made out a check to plaintiff's order in the sum of $5,019.01, the amount of the principal and interest due on her mortgage, and delivered it to Shay, who promptly deposited it to his own account in the Trust Company, plaintiff's endorsement on the check being forged. On February 9, 1933, Shay produced in the Recorder of Deeds' office a power of attorney to satisfy the mortgage; it was apparently signed by plaintiff, was witnessed by one Gertrude S. Dolan, Shay's secretary, and contained a certificate by defendant Dorothy E. Stoudt, a notary public, that plaintiff had personally appeared on February 7, 1933, and acknowledged the power of attorney to be her act and deed. The testimony clearly established, however, as the learned chancellor found, that plaintiff had not in fact signed or acknowledged the power of attorney and knew nothing of the entire transaction. It appeared that the witness

had placed her name to the instrument at Shay's request, and that the notary public had taken the alleged acknowledgment over the telephone from a woman whose voice she did not recognize and who in fact was not Mrs. Shay. Plaintiff never received any part of the money represented by the check given by the Trust Company to Shay. Defendant W. H. Williams, Recorder of Deeds, entered the satisfaction of the mortgage on the margin of the record in reliance upon the forged power of attorney, and Shay surrendered to Jennie Schrink the bond and the mortgage marked satisfied of record by the Recorder. Shay died on October 31, 1933, and it was not until several weeks later that plaintiff learned what had occurred. On January 4, 1934, she brought the present bill in equity praying that the entry of satisfaction of the mortgage on the margin of the record and on the bond and mortgage be cancelled, that the lien of the mortgage be declared to be in full force and effect, that Jennie Schrink be required to surrender and deliver the bond and mortgage to plaintiff, and for other relief. The court below entered a decree granting this relief, and directing that the Trust Company pay to Jennie Schrink or to plaintiff the principal of the mortgage and accrued interest; if paid to plaintiff, the latter thereupon to enter satisfaction of the mortgage upon the margin of the record. Schuylkill Trust Company appeals from that decree.

The Trust Company was dealing with a member of the bar who had held judicial office and who presumably was highly respected in the community, but while this no doubt explains the Company's lack of caution it does not serve as a defense in these proceedings. The burden of proving agency is upon him who asserts it. A mortgagor is held strictly to this rule when he undertakes to justify the payment to a third person of the amount due on a mortgage: *Mielcuszny v. Rosol*, 317 Pa. 91, 96. There was no evidence that Shay was in fact the agent of his wife to accept payment of the principal

of her mortgage. The Trust Company relies upon the circumstances that he was the husband of the mortgagee, that he had regularly receipted for the recurrent payments of interest, that the mortgage papers were in his possession, and that he was presumably acting as attorney for his wife. None of these facts is of substantial significance. A husband has not, by virtue of the marital relation, any authority to act as his wife's agent: 13 R. C. L. 1168, sec. 194; *Thees v. Prudential Insurance Co. of America,* 325 Pa. 465. That one may have been the attorney for a mortgagee in placing the mortgage or in looking after the details of the loan does not make him an agent for receiving payment of the principal, nor does the mere relationship of attorney and client invest the former with an agency to collect the principal of his client's mortgages: *Pore v. Duke,* 303 Pa. 528, 531, 532; *Zimmer v. Zsigmond,* 109 Pa. Superior Ct. 322, 326; *Netter v. Logan,* 111 Pa. Superior Ct. 143, 147. While Shay receipted to the mortgagor for the interest payments on the mortgage the payments were actually made to plaintiff by checks which were endorsed by her, but even if he had been authorized by plaintiff to receive the interest that would not have constituted him an agent to receive the principal: *Browne v. Hoekstra,* 279 Pa. 418; *Williams v. Cook,* 289 Pa. 207, 212; *Pore v. Duke,* 303 Pa. 528, 532; *Mielcuszny v. Rosol,* 317 Pa. 91, 95; *Judith v. Dicola,* 317 Pa. 353; *Coxe v. Kriebel,* 323 Pa. 157, 167. While possession of the mortgage papers may, in connection with other circumstances, lead to a conclusion of agency, it is not in itself sufficient to justify the mortgagor in assuming that the one holding the papers is the agent of the mortgagee to receive payment of the principal: *Browne v. Hoekstra,* 279 Pa. 418, 422; *Flanagan v. Jennings,* 332 Pa. 75, 77; *Plunkett & Murray v. Raniszewski,* 108 Pa. Superior Ct. 506, 513. In the present case, as far as the evidence discloses, the Trust Company was never shown the mortgage papers by Shay:

and therefore could not have relied upon the fact that he was in possession of them. It made no inquiry from plaintiff as to her husband's authority, nor did it demand of him the production of a power of attorney, but made payment two days before he produced the alleged power of attorney in the Recorder of Deeds' office. "A mortgagor before making payment to a pretended agent should ascertain the latter's authority by inquiry of the mortgagee or by the production of a power of attorney from him": *Lewis v. Matias,* 300 Pa. 238, 241; *Mielcuszny v. Rosol,* 317 Pa. 91, 96; *Coxe v. Kriebel,* 323 Pa. 157, 167. Since the payment of the money was made by the Company without making inquiry of plaintiff herself, without demanding production of the mortgage papers and a power of attorney to satisfy the mortgage of record, without reliance upon any circumstances which indicated an agency, and by paying a check with a forged endorsement thereon, and since plaintiff was not responsible in any way for the transaction that was consummated and did not wilfully or negligently hold out her husband as her agent to receive payment, it is she, not the Trust Company, who is entitled to the benefit of the rule that, when one of two innocent persons must suffer by reason of the fraud of another, he whose act has enabled the wrongdoer to cause the loss must bear it.

We have discussed the case as if Schuylkill Trust Company had handed cash to Shay for the amount due on the mortgage, which, in substance, was the effect of the transaction when viewed as an entirety. If, however, it be urged by the Trust Company that, instead of relying upon any apparent agency of Shay, it made out the check to plaintiff herself, Shay being merely entrusted with the delivery, the obvious answer is that it credited the proceeds of the check to Shay's account on a forged endorsement of plaintiff's name, and, therefore, in any event, remained obligated to plaintiff to effectuate the payment intended for her.

As far as the doctrine of laches is concerned, which is invoked by the Trust Company, there is no basis here for its application. While it is true that plaintiff did not receive the mortgage interest due July 14, 1933, it was not incumbent upon her immediately to investigate the reason for its nonpayment. She had no reason to suspect what in fact had occurred; she did not learn of it until the latter part of 1933, and she brought the present suit on January 4, 1934, which manifested adequate diligence under the circumstances.

Nor can the Trust Company shift to other defendants, as it attempts to do, the burden of responsibility for plaintiff's loss. It cannot impute blame to Jennie Schrink, because she had nothing whatever to do with the transaction; it was carried out and managed solely by the Company. Neither can liability be shunted to Dorothy E. Stoudt, the notary public, because, while she acted reprehensibly in certifying to the acknowledgment of the power of attorney as having been made personally before her, the Trust Company, as has been stated, did not act in reliance upon it. The Company suggests that if it had not been for the forged power of attorney Shay could not have satisfied the mortgage of record and the Company would thus have been warned and might have been able to prevent him from depleting his deposit account. There is no evidence, however, to indicate that the entire fund had not been withdrawn by Shay before February 9, and therefore no basis for a claim on the part of the Company that it was in any way harmed by the false acknowledgment, which, under such circumstances, was not a proximate or even a contributing cause of the loss.

The decree is affirmed, costs to be paid by the Estate of Arthur L. Shay, deceased; to the extent to which the assets of the estate may be insufficient for that purpose, costs to be paid by defendant Schylkill Trust Company.