Wickerham *v.* Vitori (et al., Appellants).

Argued March 27, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John A. Metz,* with him *John A. Metz, Jr.,* and *C. J. Recht,* for appellant.

*Paul N. Barna,* with him *Louis Vaira,* for appellee.

OPINION BY MR. JUSTICE LINN, April 20, 1942:
The defendants, husband and wife, owning certain land by the entireties, employed the plaintiff, a plumbing and heating contractor, to furnish labor and materials in the construction of a bowling alley on their land in

the City of Clairton. He performed his contract from October, 1930, until February or March, 1931. His bill was $8,756.07; defendants admitted at the trial that the work was done and the charges reasonable. He brought this action against both owners August 31, 1937, to recover a balance of $4,288 with interest. The jury found for the plaintiff, obviously a just finding, and rendered a verdict of $5,008. The wife defendant moved for a new trial and for judgment n. o. v. After the motions were refused, judgments were entered on the verdict and this appeal was taken on behalf of the wife.

Appellant presents two contentions: (1) she was discharged by plaintiff's taking the judgment note of her husband; (2) the action was barred by the statute of limitations.

1. In plaintiff's books, inartistically kept, the accounts of the transaction sometimes appear under the titles, Frank Vitori, Frank Vitori and Angelina Vitori, Vitori Job, Clairton Job. In 1931, plaintiff took Vitori's judgment note for $5,000 on account, crediting it to the Frank and Angelina Vitori account and leaving a small balance unsecured. Subsequently, as payments on account were made, Frank Vitori's judgment notes for smaller sums were substituted until December, 1931, when his $3,200 note, the last of the series, was taken. Appellant contends that by taking her husband's judgment note for $3,200 and entering judgment on it, plaintiff released her. Unless that was the intention* of the parties, she would not be released; whether it was their intention depends on evidence, and, as there was evidence that they did not intend, by giving and receiving the notes, to pay or extinguish the joint debt, the appel-

---

* Compare *Wallace v. Fairman*, 4 Watts 378; *Potter et al. v. McCoy*, 26 Pa. 458; *Burke v. Noble*, 48 Pa. 168; *Dick v. McWilliams*, 291 Pa. 165, 139 A. 745; *Bryant v. Bryant*, 295 Pa. 146, 144 A. 904; *Baldwin v. Ely*, 127 Pa. Superior Ct. 110, 193 A. 299; *DeTemple v. Rohrbach*, 52 Pa. Superior Ct. 455. See Vol. 2, Williston, Contracts, Sec. 332.

lant is bound by the verdict. A part of that evidence is also relevant in considering the defense of limitations, and will be referred to in connection with the second point.

The learned trial judge affirmed the following point for charge on behalf of defendants: "8th—Even if the jury should find from the evidence that Frank Vitori and Angelina Vitori both entered into an agreement with the plaintiff to do the plumbing and heating work for them jointly and that Angelina Vitori was jointly liable to the plaintiff for the cost of doing this work in the first instance, nevertheless, if the jury also should find that the plaintiff accepted the note of Frank Vitori alone for the balance owing and if the jury should find from the evidence that this suit is based on the $3,200 note dated December 8, 1931, and signed by Frank Vitori alone, then and in such case the plaintiff is not entitled to recover against Angelina Vitori and their verdict should be against the defendant Frank Vitori only."

That instruction directed the attention of the jury (though it had already been done in the general charge) to appellant's contention concerning the effect of receiving the note, and the jury rejected the suggested finding; the verdict, of course, settled the fact against appellant.

2. The jury was amply justified in finding that the contract was made by both husband and wife though the details of plan, construction and material were prescribed by Vitori on behalf of himself and as agent for his wife, the other tenant: compare *O'Malley v. O'Malley*, 272 Pa. 528, 533, 116 A. 500; *Gasner v. Pierce*, 286 Pa. 529, 535-536, 134 A. 494. Presumptively all that Vitori did in creating and discharging the obligation to plaintiff for the improvement of the property held by the entireties was done on behalf of both tenants. In *Madden v. Gosztonyi Savings and Trust Co.*, 331 Pa. 476, 489, we said: "The authorities thus cited would seem to show that either spouse presumptively has the power to act for both, so long as the marriage subsists, in matters of

entireties, without any specific authorization, provided the fruits or proceeds of such action inures to the benefit of both and the estate is not terminated." See, also, *Culhane's Estate*, 334 Pa. 124, 128, 5 A. 2d 377; *Berhalter v. Berhalter*, 315 Pa. 225, 173 A. 172.

In addition, there is evidence that in 1932 Mrs. Vitori, referring to the debt in suit, informed the plaintiff and the witness, Sabatini, plaintiff's employe, who gave the evidence, "not to be afraid, that we would get our money." He testified that subsequently he went to her residence from time to time to collect on account and that she repeated "not to be afraid, as soon as they sold the stock we would get our money." The plaintiff testified that after receiving the last note he called on the Vitoris from time to time for payment on account and that Mrs. Vitori said to him, "Don't be afraid, as soon as we sell our stock we will pay you." He also testified that she made this statement in the presence of the witness Sabatini. Mrs. Vitori denied making these statements but another witness, plaintiff's attorney, called in rebuttal, testified that he, on behalf of the plaintiff, had a conversation with both Vitoris concerning this claim and that when he informed "both of them, 'If this claim is not paid in two weeks, Wickerham is going to enter suit.' Mrs. Vitori immediately said, 'Oh mister, please, no make suit. No make case. Me pay.'" She also said: "No, don't enter suit, I will pay this claim within two weeks."

On such a record, judgment n. o. v. cannot be entered for Mrs. Vitori. Appellant also contends that a new trial should have been granted for erroneous and inadequate instruction concerning the statute of limitations. As it is admitted that payments were made within the six-year period preceding suit, there was no reversible error in the instructions concerning the tolling of the statute.

Judgment affirmed.