Schweitzer *v.* Evans, Appellant.

Argued November 15, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*James J. Regan, Jr.,* for appellant.

*Wm. Vincent Mullin,* with him *Thomas M. J. Vizard,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 3, 1949:

Plaintiff, Paula M. Schweitzer, and defendant, Helen M. Evans, are sisters. Their parents, Rev. John P. H. Schweitzer and Mary P. Schweitzer, were owners, as tenants by the entireties, of premises 1223 Chelten Avenue, Philadelphia, and lived there with their two daughters from 1925 to 1943. The father and mother then became estranged and the former left the home together with plaintiff, while the mother and defendant

continued to reside there. On May 5, 1946 the mother died and, two days later, the father, becoming sole owner of the premises as surviving tenant by the entireties, conveyed the premises by deed to plaintiff. Defendant refused to move from the premises and plaintiff brought the present proceedings in ejectment to obtain possession.

Defendant filed an answer to the complaint and also an averment of new matter in which she alleged that from time to time she had made loans to her mother and paid bills for her food, clothing and medical attention and supplies, aggregating not less than $3,000, and that she had nursed her mother during the five years of her last illness, the reasonable value of which services amounted to $7800. In consideration of such loans, payments and services her mother, on April 12, 1946, less than a month before she died, signed and delivered to defendant the following writing:

"April 12, 1946.

I authorize my daughter Helen M. Evans to live in the house at 1223 Chelten Ave. Phila Pa at the rate of $10.00 per month—(paid in full) for twenty five years or more in return for loan of $3,000. and services rendered me during many years of illness. This payment is due her from my husband (and myself) John P. H. Schweitzer. All furniture in the house at 1223 Chelten Ave. belongs to my daughter Helen M. Evans.

Mrs. M. Schweitzer
1223 Chelten Ave., Oak Lane"

It is upon this paper, which defendant insists is a valid lease of the premises for a minimum period of 25 years, that she bases her right to a retention of possession of the property. She alleges that shortly before her mother's death her parents, John and Mary Schweitzer, orally agreed with one another and with defendant that, in consideration of his wife's agreeing to have support orders which had been made against him vacated by the Municipal Court, and in consideration of defendant's

agreeing to provide a home for her mother during the latter's lifetime, John Schweitzer would convey the Chelten Avenue property to his wife or to defendant as her nominee, and Mary Schweitzer would convey to her husband a property in Wildwood, New Jersey, which was also owned by them as tenants by the entireties. Defendant further avers that her father orally authorized her mother to act as his agent in executing the "lease" of April 12, 1946, and orally agreed with defendant to lease the premises to her on the terms therein contained.

Plaintiff filed preliminary objections in the nature of a demurrer. The court sustained these objections and entered judgment for plaintiff for possession of the premises. Defendant appeals.

Whether the writing of April 12, 1946 can be considered a lease is, at best, extremely doubtful. It is true that no particular form of words is necessary to constitute a lease and that any writing is sufficient which establishes the intention of one party voluntarily to dispossess himself of the premises, for a consideration, and of the other to assume the possession for a prescribed period: *Bussman v. Ganster,* 72 Pa. 285; *Davis v. Hartel,* 56 Pa. Superior Ct. 557, 559. The document in question, however, would seem merely to authorize defendant to "live in the house"; the privilege thus given does not purport to convey any exclusive right of tenancy; cf. *Callen v. Hilty,* 14 Pa. 286, 287, 288. But even assuming that this writing does amount to a lease the question arises as to the right of Mary Schweitzer to create a lease of the premises without the authority or consent of her husband who was her co-tenant by the entireties.

The legal status and the rights inter se of tenants by the entireties have so often been enunciated by this Court that it would be a work of supererogation here to repeat them. Suffice it to say—what has been long and firmly established—that neither tenant may separately

dispose of any part so as to work a severance of the estate, nor encumber the property in any way. Neither spouse may convey any interest in the estate without the other's authority or consent, nor perform any act or make any contract respecting the property which would prejudicially affect the other, for it belongs equally to both, and each has a joint right with the other to its possession, use and enjoyment during the existence of the marriage. As a corollary of these principles it follows that a lease of the property can be made only by the act of both parties joining therein, and this, of course, is especially true if it purports to be for a term extending beyond the lifetime of the spouse who executes it. Since a judgment creditor of either spouse cannot sell on execution his debtor's interest in an estate by the entireties, and a purchaser at sheriff's sale thereunder would not acquire any right to possession,[1] it is obvious that neither husband nor wife can voluntarily put a stranger, even though a creditor, into possession, and thereby infringe the co-tenant's rights. It is true that either spouse presumptively has the power to act for both, so long as the marriage subsists, without any specific authorization, *provided the fruits or proceeds of such action inure to the benefit of both*,[2] and therefore if the husband or the wife undertakes to lease the property the other may, either expressly or tacitly, acquiesce therein and assert a right to share equally in the rents derived therefrom: *O'Malley v. O'Malley,* 272 Pa. 528, 533, 534, 116 A. 500, 502, 503; *Gasner v. Pierce,* 286 Pa. 529, 533, 534, 535, 536, 134 A. 494, 495,

---

[1] *McCurdy and Stevenson v. Canning,* 64 Pa. 39; *Beihl v. Martin.* 236 Pa. 519, 523, 524, 84 A. 953, 954; *O'Malley v. O'Malley,* 272 Pa. 528, 533, 116 A. 500, 502; *C. I. T. Corporation v. Flint,* 333 Pa. 350, 355, 5 A. 2d 126, 128.

[2] *Madden v. Gosztonyi Savings and Trust Company,* 331 Pa. 476. 489, 200 A. 624, 630, 631; *Wickerham v. Vitori,* 345 Pa. 111, 113, 114, 25 A. 2d 801, 802; *Williams v. Barbaretta,* 359 Pa. 488, 492, 59 A. 2d 161, 163.

496. But the situation is entirely different where, as in the present instance, the surviving spouse repudiates the action of his deceased co-tenant and does not seek to share in its benefits, the attempted lease being extremely disadvantageous to, and indeed a complete ignoring of, his own interest in the premises.

It is urged by defendant that in executing the alleged lease Mary Schweitzer acted not only in her own right but also as an agent for her husband. There is no general agency arising from the marital relationship nor any presumption flowing therefrom that either spouse has authority to convey real estate held by the entireties without the other's joinder therein: *Thees v. Prudential Insurance Company of America,* 325 Pa. 465, 467, 468, 190 A. 895, 896; *Madden v. Gosztonyi Savings and Trust Company,* 331 Pa. 476, 489, 200 A. 624, 631; *Shay v. Schrink,* 335 Pa. 94, 98, 6 A. 2d 522, 524; *Grambo v. South Side Bank and Trust Company,* 141 Pa. Superior Ct. 176, 181, 14 A. 2d 925, 927. Defendant avers that Mary Schweitzer had actual, that is to say express, authority from her husband to execute the lease on his behalf, and that he agreed with defendant to a lease on those terms, but neither such authority nor such agreement was in writing and therefore is not available to defendant because of the provisions of the Statute of Frauds.

While we refrain from commenting upon the *moral* factors involved in this unfortunate family litigation we are of opinion that the applicable *legal* principles compel an affirmance of the judgment entered by the court below.

Judgment affirmed.