Peterson et ux., Appellants, *v.* Chandler et ux.

Argued April 18, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Albert Blumberg,* with him *Joseph W. deFuria,* for appellants.

*Donald H. Hamilton,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, May 23, 1949:

Joseph Peterson and Lila C. Peterson, his wife, appellants, filed this bill in equity for specific performance of a contract to sell real estate owned by Raymond Chandler and Jean M. Chandler, his wife, appellees, as tenants by entirety.

The agreement of sale, dated March 11, 1946, was signed by appellants and by the husband-appellee. It was not signed by Mrs. Chandler. Nevertheless, it is contended that appellants are entitled to specific performance on the ground that the wife-appellee signed the Answer to appellants' Bill, admitting that "the parties entered into an Agreement, a copy of which is attached to the Bill in Equity," or on the theory that the husband-appellee is presumed to have possessed power to act for his wife, and was acting for her as well as himself when he executed the agreement of sale, or on the theory of an equitable estoppel.

The language of the Answer admitting execution of the agreement of sale cannot be construed into an admission of an agreement to which the wife-appellee was a party. It is undisputed that she did not enter into any agreement with appellants, either oral or written, and the court below so found. Appellants' dealings were with the husband-appellee solely, and the agreement, on its face, is the obligation of husband-appellee alone. Thus, cases cited by appellants involving an oral agree-

ment which the parties admitted in their pleadings or confessed in open court can have no application. The question here is not enforcement of an oral agreement admittedly entered into by both husband and wife, but the effect of the written agreement of sale to bind the wife, as owner of an estate by the entirety, in the absence of her joinder.

The argument that in the absence of evidence to the contrary it will be presumed husband-appellee, in executing the agreement of sale, was acting not only in his own right, but also as agent for his wife, is likewise unavailing. There is no general agency arising from the marital relationship nor any presumption flowing therefrom that either spouse has authority to convey real estate held by the entireties without the other's joinder. *Thees v. Prudential Insurance Company,* 325 Pa. 465, 467, 468, 190 A. 895; *Madden v. Gosztonyi Savings and Trust Company,* 331 Pa. 476, 489, 200 A. 624; *Shay v. Schrink,* 335 Pa. 94, 98, 6 A. 2d 522. Even if the wife-appellee had expressly authorized her husband to execute the agreement, she would not be precluded unless the authority was given in writing because of the provisions of the Statute of Frauds: *Schweitzer v. Evans,* 360 Pa. 552, 557, 63 A. 2d 39. No authority from the wife-appellee to her husband was averred in the bill, and the findings of the chancellor, supported by uncontradicted evidence and affirmed by the court *en banc,* establish that no such authority was given, in writing or otherwise.

It is true wife-appellee testified that at her husband's request, as a matter of course, she executed agreements, deeds and other papers having to do with property owned by them as tenants by the entirety. But this is clearly insufficient to raise an estoppel. Wife-appellee also testified that she signed such papers because she understood that she was required to do so under the law, if requested, since title to the property was in both names. There is no evidence to warrant an inference that appel-

lants relied on such course of conduct, or that they were even aware of it. In *Saler v. Lessy*, 76 Pa. Superior Ct. 15, it was stated (p. 19) : "It has long been the law of the Commonwealth, that specific performance of an agreement to sell real estate will not be decreed against the vendor, who is a married man whose wife refuses to join in the conveyance so as to bar her dower . . . If not so bound, no theory of estoppel could be set up as an inducement to a chancellor to enter a decree compelling her to convey." See also *Riesz's Appeal*, 73 Pa. 485; *Burk's Appeal*, 75 Pa. 141. A fortiori, a theory of estoppel may not be set up to divest the wife's interest where, as here, the property is owned by the entireties. "The letter and policy of the law forbid a wife to convey her interest in land otherwise than by the exercise of her own free and untrammelled will. A purchaser by contract from her husband, must be presumed to know this essential requisite, and, therefore, that he takes the risk of the wife's uniting in the deed, or of his common-law right of action for damages against the husband." *Burk's Appeal*, supra, 146.

As said by the chancellor : ". . . this is a simple case of the [appellants] failing to obtain her [wife-appellee's] signature to the agreement of sale, which, unfortunately, permits her to refuse to carry it out."

Decree affirmed. Costs to be paid by appellants.