## Commonwealth v. D'Alessandro et ux.

*Harold V. Fergus,* for Commonwealth.
*Bloom, Bloom & Yard,* for defendants.

WEINER, J., June 16, 1955. — This is a suit in assumpsit against the parents of Patricia L. D'Alessandro who was admitted to Polk State School as a patient on August 22, 1934, and was maintained there until her death on May 6, 1944. The State seeks to recover the balance of maintenance due on a per capita basis in the amount of $1,913.23.

The suit is brought under the Act of June 1, 1915, P. L. 661, sec. 3, as amended, 71 PS §1783, which provides that:

". . . father, mother . . . of any . . . inmate of any . . . institution maintained . . . by the Commonwealth . . . and who is legally able so to do shall be liable to pay for the maintenance of any such person."

The testimony shows that defendants have no property or estate other than a building situate in the city of Washington which is owned by them as tenants by the entireties. While the testimony also shows that they have some income from the rents of a portion of

the property which is partly rented out by them and occupied in part by them as a home, this income cannot be considered apart from the real estate itself under the problem presented, to wit: Whether property owned by the entireties can be subjected to the payment of the liability of either the mother or the father.

It is to be noted that the act does not make the parents jointly liable. It is true that an amendment to the Act of May 10, 1921, P. L. 438, did provide for joint liability when one of the spouses is an inmate of the institution. The legislature, so far as this court can find, has not provided for joint liability, where, as in this case, the inmate is a child.

Since the legislature has seen fit to provide for recovery against property held by the entireties in only the situation where one of the spouses is an inmate, it can be inferred that the legislature intended that the property held by the entireties could be subject to joint liability only in that specific instance. We cannot infer a right to recover against property held by the entireties where it is not specifically provided for and where no joint liability is imposed upon the parents.

In Pennsylvania property held by the entireties cannot be subjected to the satisfaction of individual debts of the spouses. See Beihl v. Martin, 236 Pa. 519; Schweitzer v. Evans, 360 Pa. 552.

Apparently the Commonwealth in this action seeks a joint judgment since neither defendant has any other estate, income or property which would make them legally able to pay for the care and maintenance of this child. The Commonwealth cannot succeed in its action for the reason that we cannot consider the property held by the entireties as subject to an individual debt of either of these defendants.

Since the statute of limitations cannot run against a sovereign, it may be that at some future date one of these defendants may become legally able to pay for

the maintenance of this daughter and, therefore, liable to the Commonwealth for the payment of the same. For that reason, the court will not enter judgment for defendants but will grant the motion to dismiss the complaint without prejudice to again institute an action in the future when either of the defendants may be shown to be legally able to pay for the maintenance. Wherefore, the court makes the following

*Order*

And now, June 16, 1955, for the reasons set forth above the complaint filed at the above term and number is hereby dismissed.