## Glover v. Manupelli

*Harry N. Moran*, for plaintiff.

*Robert Trucksess*, for defendants.

HONEYMAN, J., September 7, 1962.—This is an action under the Landlord and Tenant Act of April 6, 1951, P. L. 69, as amended by the Act of July 25, 1953, P. L. 578, section 1, 68 PS §250.101 et seq. The suit was commenced by complaint before Robert Adams, a Justice of the Peace of Montgomery County, and was brought by writ of certiorari to this Court. From the case stated submitted by the parties, the following numbered facts therein appear to be relevant:

"1. Albert A. Glover and Thelma M. Glover are husband and wife.

"2. They lived together as man and wife at 1401 Daws Road, Whitpain Township, Montgomery County, Pa., until June 24, 1960.

"3. Title to the premises is in Albert A. Glover and Thelma M. Glover, his wife as tenants by the entireties.

"4. On June 24th, 1960, Albert A. Glover left the premises and no longer lived and cohabited with his wife at the premises 1401 Daws Road, Whitpain Township.

"5. When Albert A. Glover left on June 24th, 1960, the 1960 taxes on the premises were due and he has ever since refused to pay the same . . .

"9. That in order to make certain that the 1961 and 1962 taxes were paid and to provide for any contingencies such as possible repairs to the property while occupying the premises, she, Thelma M. Glover,

did on January 4th, 1962, execute a lease with Joseph R. Manupelli and Cleo P. Manupelli, his wife, for a period of one year only, for the sum of $135. per month. That the said tenants, Joseph R. Manupelli and Cleo P., his wife, have occupied the premises ever since and have paid their rent punctually on the 12th day of each month beginning January 12, 1962.

"10. That the tenant was then given a notice to vacate the premises by Harry N. Moran, Jr., Esq., as attorney for Albert A. Glover, asserting as his right to do so, Section 501 of the Landlord and Tenant Act of 1951.

"11. That the said Joseph R. Manupelli and Cleo P., his wife, as a consequence of advice received by them, refused to vacate the premises on the ground that they had a valid lease, it having been signed by Thelma M. Glover one of the tenants by entireties.

"12. That Albert A. Glover then instituted an action before Robert Adams, Justice of the Peace, against the tenants, for possession of the premises by him under Section 501 of the Landlord and Tenant Act of 1951, directing the tenants in his complaint filed, 'to remove from the premises within thirty days' making no claim, however, for unpaid rents or for damages for unjust detention until March 12, 1962 . . .

"15. The Justice of the Peace then gave a verdict and judgment in favor of the plaintiff Albert A. Glover and against Joseph R. Manupelli et ux, the tenants, in the sum of $175.00 damages . . .

"21. The verdict of the Justice of the Peace set forth in paragraph 15 hereof included an Order upon the tenants to vacate the premises and give over possession thereof to Albert A. Glover.

"22. In further reference to paragraph 8 and supplemental thereto, the taxes for 1960 and 1961 are paid in full, the same having been paid by Thelma M.

Glover. Further, the 1962 taxes are not yet due and payable but will be paid by Thelma M. Glover."

The Landlord and Tenant Act of April 6, 1951, P. L. 69, in section 501, 68 PS §250.501, provides as follows:

"A landlord desirous of repossessing real property from a tenant may notify, in writing, the tenant to remove from the same at the expiration of the time specified in the notice under the following circumstances ,namely, (1) Upon the termination of a term of the tenant, (2) or upon forfeiture of the lease for breach of its conditions, (3) or upon the failure of the tenant, upon demand, to satisfy any rent reserved and due, where there is not personal property on the premises adequate to satisfy the rent in arrears except such property as is by this act exempt from levy and sale on distress for rent."

In the case at bar, there is no question but that subsections 2 and 3 of the above quoted section of the act are inapplicable. See paragraph 9 above. Plaintiff relies upon subsection (1) contending that the "term" in this case is only such time as he is willing to allow it to continue because the written one year lease executed by Thelma M. Glover, the wife of the plaintiff, is not binding upon him, and that this "term" was terminated by his giving of the notice specified in paragraph 10 above.

Thus the sole question here involved is whether or not the said lease is effective to bind the plaintiff. It is well settled in Pennsylvania, Schweitzer v. Evans, 360 Pa. 552, 556 (1949) apparently to the contrary, notwithstanding, that one spouse alone may execute a lease "for the benefit of both": O'Malley v. O'Malley, 272 Pa. 528, 533 (1922); Gasner v. Pierce, 286 Pa. 529, 533, 535 (1926); Wallaesa v. Wallaesa, 174 Pa. Super. 192, 197 (1953); Wakefield v. Wakefield, 149 Pa. Super. 9, 13 (1942); Lohmiller v. Gotwals, 150 Pa. Super. 539 (1942); Green v. Kroll, 29 Luz. 154

(1933). While it is true that where real estate is held by husband and wife as tenants by the entireties, neither spouse, acting independently, may create or terminate any legal interest in the land to the prejudice of the other spouse: Schweitzer v. Evans, supra; there is a well established presumption that during the term of a marriage either spouse has the power to act for both, without specific authorization, so long as the benefits of such action inure to both: Schweitzer v. Evans, supra; Madden et al. v. Gasztongi Savings and Trust Company, 331 Pa. 476 (1938). There is also a presumption that the moneys received by the one spouse will be expended for the benefit of both of them: O'Malley v. O'Malley, supra. In the case at bar, neither of these presumptions has been rebutted. Moreover, Thelma M. Glover filed an answer, as an intervening defendant, averring, inter alia, that the money she has received from the original defendants "is for the benefit of not only herself but her husband, by making certain that taxes and insurance and all expenses on the real estate would be paid . . ." Furthermore, it is stipulated as a fact in the case stated that Mrs. Glover executed the lease 'in order to make certain that the 1961 and 1962 taxes were paid and to provide for any contingencies such as possible repairs to the property . . ." It is also stipulated as a fact that Mrs. Glover has paid the 1960 and 1961 taxes in full and that she will pay the 1962 taxes when they become due and payable. Thus we conclude that Mrs. Glover had the power to, and did in fact, execute a valid lease to the property, which lease is binding upon the plaintiff. The decision of the Justice of the Peace was erroneous, and we therefore make the following

## Order

And now, September 7, 1962, the judgment of Robert Adams, Justice of the Peace, is reversed and judgment is ordered to be entered in favor of the defendants.

## ORDER SUR EXCEPTION TO OPINION
## AND ORDER SUR CASE STATED

And now, November 15, 1962, upon consideration of the briefs filed and after oral argument thereon before the Court en banc, the exception to the opinion and order dated September 7, 1962, is dismissed.