Sterling *v.* Smith, Appellant.

Argued March 5, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Gifford Cappellini,* with him *Thomas C. Moore,* and *John T. Curtin,* Special Assistant Attorney General, for Insurance Commissioner, appellant.

*Ralph J. Johnston,* with him *Thomas F. Farrell, Jr.,* for appellees.

OPINION BY ERVIN, J., April 18, 1963:

Josiah T. Sterling and Stephanie A. Sterling, appellees, sold real estate which they owned as tenants by the entireties in January 1961. Eight thousand dollars of the proceeds received from the sale of said property was deposited in a savings account in the Forty Fort State Bank, garnishee, on January 16, 1961, in the names of the appellees as husband and wife. On April 14, 1961, for the purpose of purchasing a new property as tenants by the entireties, Josiah T. Sterling withdrew the sum of $5,600.00 from the above mentioned savings account and deposited this amount in his own individual checking account. Both of the appellees agreed that this amount was to be used in the purchase of the new property and in the payment of certain joint bills and it was done for the convenience of both appellees, since they did not have a checking account in joint names. The appellees, in conjunction with the purchase of the new property, had made an application to the Forty Fort State Bank, garnishee, for a mortgage to finance the balance of the purchase price of the new property. On April 18, 1961 appellees met at the Forty Fort State Bank for the purpose of closing the transaction for the purchase of the new property. At this meeting Josiah T. Sterling, husband-

appellee, made out a check in the sum of $4,911.15 to the order of Forty Fort State Bank and left the same with the bank officer who was handling the transaction. This check was placed in the bank's folder pending recording of the papers in connection with the purchase of the new property. On April 19, 1961 attachment execution was served on Forty Fort State Bank as garnishee on a judgment which had been obtained by the appellant against Josiah T. Sterling alone. The difference between the aforementioned check of $4,-911.15 and the aforementioned deposit of $5,600.00 was applied to joint debts of the appellees. The court below dismissed exceptions to the trial judge's findings in favor of the appellees and entered judgment in favor of the appellees, Josiah T. Sterling and Stephanie A. Sterling, and against the appellant, Francis R. Smith, Insurance Commissioner of the Commonwealth, in the amount of $3,058.54, and directed the Forty Fort State Bank, garnishee, to pay said sum to the appellees.

The rationale of the decision of the court below is that the money, even though transferred to the individual checking account of the husband-appellee, remained tenancy by the entireties property. The court below, to support its findings, reasoned as follows: "The source of the funds was from real estate owned and sold as Tenants by the Entireties. After transfer to the checking account of Josiah T. Sterling, payment from the fund was made on the husband's and wife's Joint Income Tax Return. Closing negotiations with the Garnishee Bank further evidenced the contemplated use of the checking account for the acquisition of new real estate to be owned by both Plaintiffs.

"Where property is held in the names of husband and wife, the presumption is that they hold it by Entireties. Bank deposits and similar choses in action payable to husband and wife or to husband or wife, are tenancies by the Entireties with all the incidents relat-

ing thereto. Either spouse presumptively has the power to act for both, so long as the marriage subsists, in matters of Entireties without any specific authorization, provided the proceeds of such action inure to the benefit of both and the estate is not terminated. Madden v. Gosztonyi Savings and Trust Company, 331 Pa. 476.

"The instant circumstances evidence authorization for the transfer of funds. However, even without specific authorization the Estate by Entireties is not terminated. The continuance of the marriage status and the mutual use of the funds establish the continuance of the tenancy by the Entireties. Madden v. Gosztonyi Savings and Trust Company (supra).

"Where a bank account is held by husband and wife as Tenants by the Entireties, funds withdrawn by either spouse are impressed by the entirety provision that they are the property of both. Commonwealth v. Gleason, 166 Pa. Superior Ct. 506; Madden v. Gosztonyi Savings and Trust Co. (supra); Bostrom v. National Bank of McKeesport, 330 Pa. 65."

The appellant, on the other hand, argues that the appellees, husband and wife, terminated the tenancy by entireties when the $5,600.00 was withdrawn from the joint account and placed in the individual account of the husband. We are of the opinion that the money still remained tenancy by the entireties property. If the husband had withdrawn the money from the joint account without his wife's consent, the funds withdrawn would still have been impressed with the trust that they be used for the joint benefit of husband and wife.

Mr. Chief Justice Kephart, in Madden v. Gosztonyi Savings and Trust Co., 331 Pa. 476, 489, 200 A. 624, stated: "Where a deposit is made payable to either spouse, agency or authority exists by implication, and the husband or the wife may, from that authority, with-

draw the entire account, but the money thus withdrawn *is impressed with the entirety provision that it is the property of both,* and any one dealing with such specific property as severalty, knowing it belongs to both, must submit to the consequences." See also *Schweitzer v. Evans,* 360 Pa. 552, 63 A. 2d 39.

The withdrawn deposit in the present case became no less tenancy by entireties property because of the express agreement of the wife that the funds be used for the purchase of a new home in both names as tenants by the entireties. Appellant could not have reached the single checking account in the name of the husband-appellee had the appellant known that these were funds which belonged to both husband and wife. If, on the other hand, the appellant had innocently and in good faith extended credit in reliance upon the bank account in the name of the husband alone, then we believe that the appellees would be estopped from claiming the account to be tenancy by the entireties property. There can be no estoppel in the present case because there was no proof that the appellant had extended any credit or parted with anything of value in reliance upon the checking account in the name of the husband alone.

We are, therefore, of the opinion that there was no error in the order made by the court below and it is therefore affirmed.