## Del Borrello *v.* Lauletta, Appellant.

Submitted January 15, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Don F. D'Agui, Albert Ring,* and *D'Agui & Del Collo,* for appellant.

*Frank Carano,* and *Carano and Kunken,* for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, March 25, 1974:

This appeal raises the question of whether an "option to purchase" clause contained in a lease of realty is enforceable against a husband and wife holding title to the premises as tenants by the entireties, when only the now-deceased husband had signed the lease. The evidence at trial reveals that appellant, the surviving wife, had neither read nor signed the lease and that she was completely unaware of the option clause therein. She had, however, collected rental payments from the appellees for a period of eighteen months following the death of her husband. The Court of Common Pleas, Trial Division, Equity, of Philadelphia decreed specific performance to be proper and found for the appellees (plaintiffs at trial).

It is well settled in this Commonwealth that where there exists an estate by the entireties in real property, neither spouse, acting independently, may dispose of any portion so as to work a severance of the estate, nor encumber the property in any way. *Shapiro v. Shapiro,* 424 Pa. 120, 224 A. 2d 164 (1966); *Sterrett v. Sterrett,* 401 Pa. 583, 166 A. 2d 1 (1961); *Kennedy v. Erkman,* 389 Pa. 651, 133 A. 2d 550 (1957); *Polka v. May,* 383 Pa. 80, 118 A. 2d 154 (1955); *Schweitzer v. Evans,* 360 Pa. 552, 63 A. 2d 39 (1949). There is, moreover, no

general agency arising from the marital relationship nor any presumption flowing therefrom that either spouse has authority to convey real estate held by the entireties without the other's joinder therein. *Schweitzer v. Evans, supra; Shay v. Schrink,* 335 Pa. 94, 6 A. 2d 522 (1939); *Madden v. Gosztonyi Savings and Trust Co.,* 331 Pa. 476, 200 A. 624 (1938); *Thees v. Prudential Insurance Co. of America,* 325 Pa. 465, 190 A. 895 (1937). The absence of appellant's signature on the lease and of a signed statement vesting authority in the husband to convey an interest in the real estate mandates the conclusion that the option to purchase clause is unenforceable under both case law and the Statute of Frauds, as an interest in land within its purview. Act of March 21, 1772, 1 Sm. L. 389, §1, 33 P.S. §1; *Feingold v. Davis,* 444 Pa. 339, 282 A. 2d 291 (1971); *Fiegelman v. Parmoff Corp.,* 435 Pa. 461, 257 A. 2d 575 (1969); *Atlantic Refining Co. v. Wyoming National Bank of Wilkes-Barre,* 356 Pa. 226, 51 A. 2d 772 (1946); *Stevenson v. Titus,* 332 Pa. 100, 2 A. 2d 853 (1939).

We cannot agree with the appellees' suggestion that acceptance of the rental payments for eighteen months subsequent to her husband's death should estop appellant from asserting the application of the Statute of Frauds. This Court has consistently held that principles of estoppel may not be invoked against operation of the Statute of Frauds. *Polka v. May, supra; Peterson v. Chandler,* 362 Pa. 102, 66 A. 2d 284 (1949); *Mott v. Kaldes,* 288 Pa. 264, 135 A. 764 (1927).

Decree reversed. Each party to pay own costs.