421 A.2d 435

**Grace C. RIPPLE and Doris M. McIlvane, Co–Executors of the Estate of Freda C. Becker, Deceased**

**v.**

**PITTSBURGH OUTDOOR ADVERTISING CORPORATION, a corporation, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed July 25, 1980.

122

Robert C. Hillen, Pittsburgh, for appellant.

Thomas H. Welsh, Pittsburgh, for appellees.

Before PRICE, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

Pittsburgh Outdoor Advertising Corporation, the tenant, appeals the lower court's order that certain leases for a term in excess of three years violated the statute of frauds and therefore were deemed to be leases from year to year. We affirm.

Appellees, Grace C. Ripple and Doris M. McIlvane, co-executrixes of the Estate of Freda C. Becker, filed a petition seeking declaratory relief. They asked the court to determine their rights under certain leases executed by the husband of their predecessor in title. Since the facts were undisputed, the case was submitted to the lower court on briefs.

Charles G. Becker and Freda C. Becker, husband and wife, owned certain property as tenants by the entireties. In 1972 this property was the subject of two written leases to the appellant for a term of five years with the appellant's right to extend the lease from year to year for a total of ten

years. The leases were signed by an agent of the appellant and were also signed "Charles G. Becker and Freda Becker by: /s/ Charles G. Becker." Rental payments were made quarterly by checks payable to Charles G. Becker and Freda Becker and were endorsed by both until Mr. Becker's death in 1976. Thereafter the checks were still made payable to both Beckers, but were endorsed by Mrs. Becker or her attorney–in–fact until Mrs. Becker's death in 1977. Thereafter checks payable to both Beckers were endorsed by Grace C. Ripple, co–executrix of the Estate of Freda Becker.

Based on these facts, the lower court held that the leases violated the statute of frauds since Mrs. Becker did not sign the lease or authorize her husband in writing to sign the lease on her behalf. Since the rent was paid and accepted for more than one year, the statute of frauds deemed the lease to be from year to year. Appellant filed exceptions which were denied and then filed the instant appeal.

■ The statute of frauds provides:

Real property, including any personal property thereon, may be leased for a term of more than three years by a landlord to a tenant or by their respective agents lawfully authorized in writing. Any such lease must be in writing and signed by the parties making or creating the same, otherwise it shall have the force and effect of a lease at will only and shall not be given any greater force or effect either in law or equity, notwithstanding any consideration therefor, unless the tenancy has continued for more than one year and the landlord and tenant have recognized its rightful existence by claiming and admitting liability for the rent, in which case the tenancy shall become one from year to year.

68 P.S. § 250.202. In the instant case the lease was for a term of more than three years. Therefore the statute of frauds applies. Here, although the lease was in writing, it was not signed by Mrs. Becker, co–tenant by the entireties. However, Mrs. Becker's signature was not necessary if her husband was acting as her agent. If her husband was acting as her agent, the statute requires his authority to be

in writing. Despite the statute's clear terms that the agent's authority be in writing, appellant argues that because of a presumption an exception exists as to property held by tenants by the entireties.

Appellant relies upon a presumption that either spouse during the term of the marriage has the power to act for both, without specific authorization, so long as the benefits of such action inure to both. Although cases do support this presumption, no appellate [1] case holds that this presumption supersedes the requirement of the statute of frauds that the agency be expressed in writing. The appellate cases on which appellant relies do not involve leases or do not involve the statute of frauds or are contrary to its position.

For example, in *O'Malley v. O'Malley*, 272 Pa. 528, 116 A. 500 (1922), the plaintiff brought an action against her former husband for an accounting of rents he had received from entireties property which he alone had leased. There the statute of frauds was not at issue. Therefore, *O'Malley* is inapposite to the instant case.

In *Kennedy v. Erkman*, 389 Pa. 651, 133 A.2d 550 (1957), the landlords brought an amicable action in ejectment against their tenants. After judgment was entered for the landlords, the tenants obtained rules to show cause why the judgment should not be opened or stricken. The rules were discharged and the tenants appealed. The court held that although the landlords owned the property as tenants by the entireties, the landlords' notice to terminate the lease, which notice was signed only by the husband, was effective. The court relied on the same presumption on which appellant relies. Nevertheless, *Kennedy* is not apposite to the instant case since it did not involve the issue of the statute of frauds.

1. Appellant also relies on *Cobrin v. Aisenstein*, 40 Pa.D. & C.2d 68 (1966) and *Jacobs v. Jacobs*, 45 Luz.L.Rev. 43 (1955). Although these cases are similar to the instant case, they are not binding precedents and their rationale is not persuasive. *Jacobs* relies upon cases which do not involve the statute of frauds and does not consider *Schweitzer v. Evans*, 360 Pa. 552, 63 A.2d 39 (1949) (see discussion infra). *Cobrin* relies upon *Jacobs* and misinterprets *Schweitzer v. Evans*, *supra*.

*Schweitzer v. Evans*, 360 Pa. 552, 63 A.2d 39 (1949), which appellant also cites, is contrary to its position. There, the transferee of a surviving spouse brought an action in ejectment against a person who claimed possession under a lease. The property had been owned by tenants by the entireties and the written lease for a term of more than three years had been signed by only one spouse. The tenant contended inter alia that the spouse who had signed the lease had express authority to execute the lease on behalf of the spouse who did not sign the lease. This argument was rejected. Since the express authority was not in writing, the court held that it violated the statute of frauds.

■ More recently, our Supreme Court considered the applicability of the statute of frauds to a lease provision which gave the tenant an option to purchase the leased property. *Del Borrello v. Lauletta*, 455 Pa. 350, 317 A.2d 254 (1974). There, the tenant sued for specific performance of the option to purchase clause. The leased property was owned by tenants by the entireties and only the husband had signed the lease. After the husband died, the wife continued to collect the rental payments for eighteen months. The court held that since the wife had not signed the lease, the statute of frauds barred enforcement of the lease's option to purchase clause. *Id.*, 455 Pa. at 352, 317 A.2d at 255. Thus the cases hold that the statute of frauds for leases requires that a spouse's authority to act for the other spouse be in writing.

■ Finally, appellant cannot argue that the wife by her action has ratified or adopted the lease, for such ratification or adoption must be in writing to satisfy the statute of frauds. *Burg v. Betty Gay of Washington, Inc.*, 423 Pa. 485, 225 A.2d 85 (1966); *Allegany Gas Co. v. Kemp*, 316 Pa. 97, 174 A. 289 (1934); *Mott v. Kaldes*, 288 Pa. 264, 135 A. 764 (1927); *McDowell v. Henry German Baking Company*, 118 Pa.Super. 165, 179 A. 866 (1935). Thus, mere receipt of rental payments is not sufficient under the statute of frauds. *Mott v. Kaldes, supra; see Del Borrello v. Lauletta, supra.* Moreover, although the wife endorsed the rental

checks, since those checks were not written leases or written authority for her husband to lease the property, they do not satisfy the statute of frauds. Furthermore, principles of estoppel do not prevail over the assertion of the statute of frauds in this context. *Del Borrello v. Lauletta, supra.*

■ Thus, in the instant case, since the term of lease was in excess of three years, the statute of frauds applies. Since the leased property was owned by tenants by the entireties, both the husband and wife, or their agents authorized in writing, must execute the lease to satisfy the statute of frauds. Here, however, the wife did not execute the lease and there was no writing authorizing her husband to act for her. Therefore, the statute of frauds bars enforcement of the lease for the term stated therein and the lease is deemed to be a lease from year to year.

Orders affirmed.